| | |
|---|---|
| 1 | Azar Mouzari, Esq. (State Bar No. 263461) |
| 2 | **BEVERLY HILLS TRIAL ATTORNEYS, P.C.**<br>468 N. Camden Drive, Suite 238 |
| 3 | Beverly Hills, California 90210 |
| 4 | Tel:  310-858-5567<br>Fax: 424-286-0963 |
| 5 | Email: azar@bhtrialattorneys.com |
| 6 | Attorneys for Plaintiff ADERIYIKE LAWAL |

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADERIYIKE LAWAL, an individual.<br><br>Plaintiff,<br><br>v.<br><br>PATAGONIA GLOBAL, LLC, a California Limited Liability Company, and DOES 1-10, inclusive.<br><br>Defendants. | Case No. 2:20-cv-07426-PSG-E<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND ACTION TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Concurrently filed with the supporting Declaration of Azar Mouzari and [Proposed] Order]<br><br>Date: November 16, 2020<br>Time: 1:30 p.m.<br>Judge: Hon. Judge Philip S. Gutierrez<br>Courtroom: 6A<br><br>Complaint Filed: June 3, 2020<br>Removal Date: August 17, 2020 |

# NOTICE OF MOTION

## TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on November 16, 2020, at 1:30 p.m., in the First Street Courthouse, 350 West 1st Street, Courtroom 6A, 6th Floor, Los Angeles, California 90012, before the Honorable Judge Philip S. Gutierrez, United States District Judge, Plaintiff Aderiyike Lawal ("Plaintiff") will and hereby does move to remand this action to the Superior Court of California for the County of Los Angeles, Central District.

Plaintiff moves to remand this action on the grounds that this Court may not exercise subject-matter jurisdiction over this matter because, as a matter of law, "there is no federal-question jurisdiction over a lawsuit for damages brought under [a California statute], even though the California statute makes a violation of the federal Americans with Disabilities Act a violation of state law." *Wander v. Kaus*, 304 F.3d 856, 857 (9th Cir. 2002).

This Motion is made pursuant to 28 U.S.C. § 1447(c) and based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed supporting Declaration of Azar Mouzari ("Mouzari Declaration"), the pleadings and papers on file in this action, and on such further evidence and argument as may be presented at the time of hearing. This Motion is brought following the conference of counsel pursuant to Local Rule 7-3, which took place on September 4, 2020, between counsel for Plaintiff and Defendant. Mouzari Declaration at ¶ 2.

Dated: September 15, 2020          **BEVERLY HILLS TRIAL ATTORNEYS, P.C.**

                                               /s/ *Azar Mouzari*
                                              Azar Mouzari, Esq.
                                              Attorney for Plaintiff
                                              ADERIYIKE LAWAL

### I. MEMORANDUM OF POINTS AND AUTHORITIES

#### A. OVERVIEW

This is a quintessential case warranting remand. It is undisputed that Defendant sought removal on the sole ground of federal question jurisdiction. Defendant allocates, in its Notice of Removal, a mere two paragraphs to argue, without any jurisprudential support, that "pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1443, in that it appears from the Complaint that Plaintiff has filed a civil rights action, and her claims are founded on a claim or right arising under the laws of the United States." Notice of Removal, ¶ 3, at 1 (Docket Entry 1). Specifically, Defendant claims that "it appears from the Complaint that this is a civil rights action alleging violations of the Americans with Disabilities Act, 42 U.S.C. §12182 et *seq.*" *Id.* at ¶ 4, at 1 (Docket Entry 1). Even setting aside the lack of jurisprudential analysis and support for Defendant's argument, the most elementary bases of Defendant's argument remain wholly unfounded. Indeed, Defendant conveniently ignores the fact that Plaintiff has ***not*** plead any federal causes of action. Rather, Plaintiff alleged one cause of action based on California law, specifically the violation of California's Unruh Civil Rights Act ("Unruh Act"). While it is true, as Plaintiff admits in her Complaint, that a violation of the Americans with Disabilities Act of 1990 ("ADA") is necessarily a violation of the Unruh Act. Cal. Civ. Code, § 51(f), the "mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808. Removal remains improper given that, at best, any federal issue raised in the Complaint is merely collateral to Plaintiff's state law claim under the Unruh Act. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

#### B. FACTUAL BACKGROUND

On June 3, 2020, Plaintiff filed this action in the Superior Court of California, for the County of Los Angeles, Central District, asserting in her Complaint a single cause of action against Defendant for its violation of California's Unruh Act. Mouzari Declaration at ¶ 3. In the Complaint, Plaintiff sought statutory damages and injunctive relief pursuant to the Unruh Act, expressly excluding any other cause of action or relief pursuant to the ADA. Plaintiff also limited the damages she sought in the Complaint to

a total of $34,999.00 in statutory damages and $15,000.00 in costs for complying with injunctive relief. *Id.* at ¶ 4; Complaint (Docket Entry 1-1). Further, while Plaintiff acknowledged in the Complaint that Defendant's violation of the ADA based on the same offending behavior was likewise a violation of the Unruh Act. Cal. Civ. Code § 51(f) ("A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (P.L. 101-336) shall also constitute a violation of this section"), she limited her cause of action and the relief sought to violation of the Unruh Act. *Id.* On August 17, 2020, Defendant filed a Notice of Removal based on diversity and federal question jurisdiction. Notice of Removal (Docket Entry 1).

## C. ARGUMENT

### a. Legal Standard

As a matter of threshold, federal question jurisdiction exists only where federal law creates the cause of action asserted, where under the artful pleading doctrine one or more state law claims should be re-characterized as federal claims, or where state law claims necessarily turn on the construction of a substantial, disputed federal question. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343 (9th Cir. 1996) (citing *Merrell Dow Pharms. v. Thompson*, 478 U.S. 804, 807-10 (1968)). However, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (citing *Merrell Dow*, 478 U.S. at 808). The federal issue must be a "necessary element" of one of the state law claims. *Id.* The federal issue must also be "actually disputed and substantial." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg*, 545 U.S. 308, 314 (2005).

Generally, the plaintiff "decide[s] what law he will rely upon . . . and, if he can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state law claim and defeat removal." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1373 (9th Cir. 1987) (internal quotation marks and citations omitted). The "burden of establishing jurisdiction falls on the party invoking the removal statute . . . which is strictly construed against removal." *Id.* at 1371 (citing *Hunter v. United Van Lines*, 746 F.2d 635, 639 (9th Cir. 1984), cert. denied, 474 U.S. 863 (1985)

(citation omitted)).  Finally, courts resolve all ambiguities in favor of remand to state court.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

### b.  *This Action Is Not Properly Removable Under 28 U.S.C. § 1331*

In its Notice of Removal, Defendant appears to summarily contend that Plaintiff's cause of action consists of a civil rights action that arises under the ADA, and that the instant action thus is removable.  Notice of Removal, ¶¶ 3-4, at 1 **(**Docket Entry 1**)**.  Defendant does not cite any jurisprudential support for this argument.  Nor does it directly dispute that Plaintiff did not plead any federal causes of action.  Where, as here, a plaintiff advances a state law claim that may be based on a federal claim, removal remains "improper where a federal issue raised in a plaintiff's complaint is merely collateral to a state law claim." *Jackson v. Yoshinoya America Inc.*, No. CV 12-08518 MMM EX, 2013 WL 865596, at *2 (C.D. Cal. Mar. 7, 2013) (citing 4A Charles A. Wright, Arthur R. Miller et al., Federal Practice and Procedure, § 3722 (4th ed. 2012)).  While Plaintiff's California Unruh claim incorporates the ADA as an element of the state law cause of action, this alone "does not confer federal jurisdiction to hear the state claims." *Yoshinoya America Inc., supra*, 2013 WL 865596, at *2; *Pickern v. Best Western Tiber Cove Lodge Marina Resort*, 194 F.Supp.2d 1128, 1131 (E.D. Cal. 2002) ("The fact that an ADA violation may serve as an element of a state law claim does not automatically confer federal question jurisdiction").  The federal question must be a necessary element of the state law claim before federal jurisdiction exists.  *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 812 (1986); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13 (1983) ("some substantial, disputed question of federal law [must be] a necessary element of one of the well-pleaded state claims").

Defendant fails to establish, as it must, the presence of federal questions that are necessary elements of Plaintiff's state court cause of action.  Thus, as a matter of law, Plaintiff's state law cause of action claim does not "arise under federal law" even though it is premised on a violation of federal law. *Wander v. Kaus*, 304 F.3d 856, 857 (9th Cir. 2002) ("there is no federal-question jurisdiction over a lawsuit for damages brought under [a California statute], even though the California statute makes a violation of the federal

Americans with Disabilities Act a violation of state law. Congress intended that there be no federal cause of action for damages for a violation of Title III of the ADA. To exercise federal-question jurisdiction in these circumstances would circumvent the intent of Congress. Federal-question jurisdiction is not created merely because a violation of federal law is an element of a state law claim."); *see also Kohler v. Southland Foods, Inc.*, 459 Fed. Appx. 617, 618-19 (9th Cir. 2011) ("[Defendant] argues that state-law claim 'arises under' federal law because the Unruh Civil Rights Act incorporates an ADA violation as an element. We have rejected this position."); *see also Martinez v. Del Taco, Inc.*, 252 Fed. Appx. 148, 149 (9th Cir. 2007); *Love v. Ayoub*, No. EDCV 15-1778-VAP (KKx), 2016 WL 3671089, at *4 (C.D. Cal. June 30, 2016).

Given the jurisprudential backdrop, this Court should summarily reject Defendant's baseless argument, spread out in a mere two paragraphs, that Plaintiff's claims meet the federal question requirement. Notice of Removal, ¶¶ 3-4, at 8 (Docket Entry 1).

### D. CONCLUSION

Defendant has failed to provide *any* basis, much less a sufficient one, to establish federal question jurisdiction. Plaintiff's cause of action is for violation of the Unruh Act. Plaintiff's case, thus, belongs in the Superior Court, not in this Court. Accordingly, this Court should grant this Motion and remand this action to the Superior Court for Los Angeles County.

Dated: September 15, 2020            **BEVERLY HILLS TRIAL ATTORNEYS, P.C.**

                                                   */s/ Azar Mouzari*
                                                   Azar Mouzari, Esq.
                                                   Attorney for Plaintiff
                                                   ADERIYIKE LAWAL

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the United States District Court Central District of California by using the CM/ECF system on September 15, 2020.

I further certify that all participants in the case appear to have been registered CM/ECF users and that service should therefore be accomplished by the CM/ECF system via electronically mail to all counsel of record.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 15, 2020 in Los Angeles, California.

/s/ *Azar Mouzari*
Azar Mouzari