UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS-6

| Case No. | CV 20-7426 PSG (Ex) | Date | November 11, 2020 |
|---|---|---|---|
| Title | Aderiyeke Lawal v. Patagonia Global LLC, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** The Court GRANTS Plaintiff's motion to remand

Before the Court is a motion to remand filed by Plaintiff Aderiyike Lawal ("Plaintiff"). *See* Dkt. # 10 ("*Mot.*"). Defendant Patagonia Global LLC ("Defendant") opposed, *see* Dkt. # 13 ("*Opp.*"), and Plaintiff replied, *see* Dkt. # 14 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving, opposing, and reply papers, the Court **GRANTS** Plaintiff's motion to remand.

I.   Background

Plaintiff, who is legally blind, requires screen-reading software to use internet websites on her computer and phone, *see Complaint*, Dkt. # 1-1 ("*Compl.*"), ¶¶ 2, 16, and Defendant's website is not fully accessible through screen-reading technology, *id.* ¶¶ 3, 17.

As a result, on June 3, 2020, Plaintiff filed suit in the Los Angeles County Superior Court, alleging a single cause of action: violation of California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51–52 *et seq*. *See Compl.* ¶¶ 56–65.

Plaintiff served Defendant with the Complaint on July 22, *see Notice of Removal*, Dkt. # 1 ("*NOR*"), ¶ 2, and Defendant removed the case to this Court on August 17, invoking the Court's federal question jurisdiction, *see id.* ¶¶ 3–4. Plaintiff now moves to remand the case to the Superior Court, arguing that, although a violation of the Americans with Disabilities Act qualifies as a violation of the Unruh Act, this fact alone does not confer federal question jurisdiction over this dispute. *See generally Mot.* The Court agrees, and therefore **GRANTS** Plaintiff's motion to remand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7426 PSG (Ex) | Date | November 11, 2020 |
|---|---|---|---|
| Title | Aderiyeke Lawal v. Patagonia Global LLC, et al. | | |

II.   Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted).  Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case.  *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991).  Courts strictly construe the removal statute against removal jurisdiction.  *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).  "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

III.   Discussion

Plaintiff's Complaint asserts two theories of Unruh Act liability: (1) Defendant intentionally discriminated against her on the basis of her disability, in violation of the Unruh Act, itself, *see* Compl. ¶ 61; and (2) Defendant violated the Unruh Act by violating the Americans with Disabilities Act ("ADA"), which is incorporated into the Unruh Act, *see id.* ¶ 62.

In such circumstances, courts in the Central District, following binding Ninth Circuit precedent, have ordered a remand.  *See, e.g.*, *Rendon v. Bracketron Inc.*, No. 2:19-CV-08896-ODW (JEMx), 2020 WL 65075, at *1–*2 (C.D. Cal. Jan 7, 2020) (citing, among other cases, *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996)); *Thurston v. Spectrum Wine Auctions, LLC*, No. 8:19-cv-01740-JLS-DRM, 2019 WL 6622844, at *1 (C.D. Cal. Dec. 4, 2019) (same); *Martinez v. Adidas Am., Inc.*, No. EDCV 19-841 JGB (KKx), 2019 WL 3002864, at *4–*5 (C.D. Cal. July 9, 2019) (same).  Therefore, the Court agrees that remand is appropriate.

Defendant's attack on the substance of Plaintiff's intentional discrimination claim does not change the Court's conclusion.  Defendant argues that "Plaintiff does not identify any *facts*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7426 PSG (Ex) | Date | November 11, 2020 |
|---|---|---|---|
| Title | Aderiyeke Lawal v. Patagonia Global LLC, et al. | | |

in support of her allegation that Defendants were 'on notice of the discrimination'" and intentionally refused to remove the barriers, and therefore the only sufficient allegation in the Complaint is that Defendant violated the Unruh Act by violating the ADA. *See Opp.* 17:6–18:2. Defendant's challenge to the adequacy of Plaintiff's pleadings regarding intentional discrimination is premature because jurisdiction is a threshold issue. "[T]he merits of [Plaintiff's] Unruh claim are not presently before the Court; rather, the Court considers only whether [Plaintiff's] complaint gives rise to federal question jurisdiction. It does not. As such, the Court must remand." *Rendon*, 2020 WL 65075 at *2.

Accordingly, the Court **GRANTS** Plaintiff's motion to remand.

IV.  Conclusion

The Court **GRANTS** Plaintiff's motion to remand. This order closes the case.

**IT IS SO ORDERED.**